UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONDAMIN WILKINS,

    Plaintiff,

v.                                  Case No. 8:24-cv-1793-TPB-AAS

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant
_____/

## ORDER

    Defendant Progressive Insurance Company (Progressive) moves to compel the production of nineteen documents withheld from production by Tragos, Sartes, and Tragos, PLLC (Tragos Law), the non-party law firm that represented Plaintiff Mondamin Wilkins in his underlying underinsured/uninsured motorist (UM) action. (Doc. 28). Mr. Wilkins opposes the disclosure of the withheld documents. (Doc. 39). The court took Progressive's motion under advisement and reviewed *in camera* Tragos Law's withheld documents. (Doc. 40).

**I.**    **BACKGROUND**

    This is a first-party statutory bad faith action brought by Mr. Wilkins arising from a motor vehicle accident on July 26, 2029. (Doc. 1). Progressive

1

insured Mr. Wilkins with an automobile liability policy, which provided UM liability coverage of $50,000 per person/$100,000 per occurrence. Mr. Wilkins retained Tragos Law in connection with his UM claim against Progressive, which did not settle for the policy limits.

On February 11, 2020, Mr. Wilkins filed the underlying UM action against Progressive, *Mondamin Wilkins v. Progressive Select Insurance Company*, Case No.: 2020CA000382CAAXWS, in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida. The underlying UM action resulted in a jury verdict in favor of Mr. Wilkins and against Progressive for $936,386.85. (Doc. 1-6, p. 20). On April 14, 2023, the court entered a judgment in favor of Mr. Wilkins. (*Id.*, p. 22).

On July 8, 2024, Mr. Wilkins filed this action, alleging that Progressive acted in bad faith in its handling of his underlying UM claim. (Doc. 1-6). On July 30, 2024, Progressive removed the bad faith action to this court. (Doc. 1). Progressive filed an answer denying Mr. Wilkin's allegations. (Doc. 11).

Progressive requested the discovery of Tragos Law's file relating to the underlying UM action. In response, Tragos Law produced its file, but withheld documents and identified the withheld documents on a privilege log. After discussions regarding Tragos Law's production, Tragos Law provided an

updated privilege log. Progressive now requests production of nineteen documents listed on Tragos Law's updated privilege log. (Doc. 28). Mr. Wilkins opposes Progressive's motion to compel. (Doc. 39). As directed, Tragos Law provided the nineteen withheld documents and updated privilege log to the undersigned for *in camera* review. (*See* Doc. 40).

## II. ANALYSIS

Tragos Law's nineteen withheld documents contain email threads regarding case strategy and communications between Mr. Wilkins, Tragos Law, and Mr. Wilkins's current counsel. As a general matter, there is "no automatic waiver in a bad faith case of a work-product privilege for a claimant's underlying litigation file." *See also Walker v. GEICO Indem. Co.*, No. 6:15-cv-1002-Orl-41KRS, 2017 WL 1174234, at *9 (M.D. Fla. Mar. 30, 2017) (stating that there is no "blanket exception to the work product doctrine for the insureds' work product protected information, [and] the Court must engage in the typical work product analysis"). However, "courts generally find that work product materials contained within the claimant's lawyer's underlying litigation file are discoverable." *See Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-0240-T-30TBM, 2016 WL 7732310, at *3 (M.D. Fla. Jan. 20, 2016).

"In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-60AAS, 2020 WL 1529968, at *1 (M.D. Fla. Mar. 31, 2020) (citing *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004)). "Although a bad-faith claim derives from and emphasizes the duty of the insurer to the insured, the conduct of a claimant and the claimant's attorney are relevant to determining the 'realistic possibility of settlement within the policy limits.'" *Cousin v. GEICO Gen. Ins. Co.*, 719 F. App'x 954, 960 (11th Cir. 2018) (quoting Barry v. GEICO Gen. Ins. Co., 938 So. 2d 613, 618 (Fla. 4th DCA 2006)); *see also Robles*, 2020 WL 1529968, at *1 ("Although a claim for bad faith focuses on the conduct of the insurer, the insured's willingness to settle the claim may be relevant to whether the insurer acted in bad faith under the totality of the circumstances test and is a factor that must be considered.") (citing *Cardenas v. Geico Cas. Co.*, 760 F. Supp. 2d 1305, 1309 (M.D. Fla. Jan. 13, 2011)); *McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-cv-353-Orl-WWB-DCI, 2019 WL 5391104, at *3 (M.D. Fla. Aug. 14, 2019) ("An insurer, upon the proper showing, may be entitled to discover materials contained within the file of counsel who represented the insured in the underlying action.").

At issue is whether Progressive demonstrated a substantial need for the protected information in the nineteen documents, or whether Progressive can obtain, without undue hardship, the substantial equivalent of the information by other means. *See also Walker*, 2017 WL 1174234, at *10 (explaining that federal and state law on the work product issue are substantially the same, and that "[t]o compel the disclosure of work product protected information, Rule 26(B)(3)(A)(ii) requires Defendant to establish 'that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.'").

Based on the weight of authority permitting discovery of materials from the claimant's underlying coverage litigation file in a statutory bad faith action, the court concludes Progressive demonstrated a substantial need for ten of the documents even though they are otherwise protected by the work-product doctrine. *See McCoy*, 2019 WL 5391104, at *3; *see also Robles*, 2020 WL 1529968, at *2 (compelling production of similar materials upon finding of substantial need); *Gonzalez*, 2016 WL 7732310, at *3 (declining to order production of all interoffice emails between counsel and staff because GEICO did not establish relevancy, but ordering production of any of those emails related to settlement of the plaintiff's underlying insurance claim); *Batchelor*

5

*v. Geico Cas. Co.*, No. 6:11-cv-1071-Orl-37GJK, 2014 WL 3697691, at *4 (M.D. Fla. Apr. 22, 2014), aff'd, 2014 WL 3687490 (M.D. Fla. June 20, 2014) (compelling production of similar materials despite work product assertion "as they directly relate to or otherwise implicate the attempted settlement of Plaintiff's insurance claim, which is the subject of the instant action"). That is because these ten documents directly relate to the realistic possibility of settlement of the underlying UM litigation within Mr. Wilkins's UM policy limits. Because Tragos Law's updated privilege log and document production do not include Bates numbers, the court will refer to the screenshot below, which includes the .pdf titles of the withheld documents, to describe the documents to be produced.

| Name | Type | Compressed size | Password ... | Size | Ratio | Date modified |
|---|---|---|---|---|---|---|
| Bate5694-5695.pdf | Adobe Acrobat Document | 831 KB | No | 831 KB | 0% | 7/30/2025 4:03 PM |
| Bate5850-5853.pdf | Adobe Acrobat Document | 777 KB | No | 777 KB | 0% | 7/30/2025 4:03 PM |
| FW wilkings CORRECTION 41 KB.pdf | Adobe Acrobat Document | 774 KB | No | 774 KB | 0% | 7/30/2025 4:03 PM |
| FW Wilkins CORRECTION 17KB.pdf | Adobe Acrobat Document | 777 KB | No | 777 KB | 0% | 7/30/2025 4:03 PM |
| memo to PLT on WIlkins 124 KB.pdf | Adobe Acrobat Document | 410 KB | No | 410 KB | 0% | 7/30/2025 4:03 PM |
| Mondamin Wilkins 49KB.pdf | Adobe Acrobat Document | 834 KB | No | 834 KB | 0% | 7/30/2025 4:03 PM |
| re memo to PLT on WIlkins 7 KB.pdf | Adobe Acrobat Document | 706 KB | No | 706 KB | 0% | 7/30/2025 4:03 PM |
| Re memo to PLT on WIlkins 18KB.pdf | Adobe Acrobat Document | 700 KB | No | 700 KB | 0% | 7/30/2025 4:03 PM |
| Re Wilkins (CORRECTION).pdf | Adobe Acrobat Document | 831 KB | No | 831 KB | 0% | 7/30/2025 4:03 PM |
| re Wilkins Lisa first mva 22KB.pdf | Adobe Acrobat Document | 571 KB | No | 571 KB | 0% | 7/30/2025 4:03 PM |
| Re WIlkins lisa first mva 37KB.pdf | Adobe Acrobat Document | 737 KB | No | 737 KB | 0% | 7/30/2025 4:03 PM |
| RE;Wilkins UM Adjuster Called.pdf | Adobe Acrobat Document | 515 KB | No | 515 KB | 0% | 7/30/2025 4:03 PM |
| RE;Wilkins20kb.pdf | Adobe Acrobat Document | 440 KB | No | 440 KB | 0% | 7/30/2025 4:03 PM |
| updated privilge log 6.30.25.xlsx | Microsoft Excel Worksheet | 11 KB | No | 11 KB | 0% | 7/30/2025 4:03 PM |
| Wilkins 6KB.pdf | Adobe Acrobat Document | 422 KB | No | 422 KB | 0% | 7/30/2025 4:03 PM |
| Wilkins 12KB.pdf | Adobe Acrobat Document | 422 KB | No | 422 KB | 0% | 7/30/2025 4:03 PM |
| Wilkins CORRECTION 17KB.pdf | Adobe Acrobat Document | 533 KB | No | 533 KB | 0% | 7/30/2025 4:03 PM |
| wilkins lisa first mva 28kb.pdf | Adobe Acrobat Document | 529 KB | No | 529 KB | 0% | 7/30/2025 4:03 PM |
| WIlkins20kb (1).pdf | Adobe Acrobat Document | 535 KB | No | 535 KB | 0% | 7/30/2025 4:03 PM |
| Wilkins20kb.pdf | Adobe Acrobat Document | 445 KB | No | 445 KB | 0% | 7/30/2025 4:03 PM |

6

Of the nineteen withheld documents, the following ten documents must be produced: (1) "Bate5694-5695;" (2) "Bate5850-5853;" (3) "FW wilkings [sic] CORRECTION 41 KB;" (4) "FW Wilkins CORRECTION 17KB;" (5) "Re Wilkins (CORRECTION);" (6) "RE; Wilkins UM Adjuster Called;" (7) "Wilkins 6KB;" (8) "Wilkins 12KB;" (9) "Wilkins CORRECTION 17KB;" and (10) "Wllkins[sic]20kb."

Each of these ten documents, though protected by the work product doctrine, is discoverable under Rule 26(b)(1). Thus, Progressive has met its burden under Rule 26(b)(3)(A). Further, Progressive has demonstrated it has a substantial need for these work product materials to prepare its case, and that it cannot, without undue hardship, obtain the substantial equivalent by other means. These ten documents directly relate to the totality of the circumstances that the fact finder must ultimately consider in deciding a bad faith claim. More specifically, the work product is fact work product (not opinion work product) that directly bears on the issue of the realistic possibility of settlement within the policy limits. Even if any portion of these ten documents (all of which contain email threads) could arguably be viewed as containing opinion work product,[1] the court would still order their production.

---

[1] "Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'" *Cox v. Administrator U.S.*

7

*Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) ("While opinion work product enjoys almost absolute immunity, extraordinary circumstances may exist that justify a departure from this protection.").

### III. CONCLUSION

Accordingly, it is **ORDERED** that Progressive's motion to compel (Doc. 28) is **GRANTED in part** and **DENIED in part**. By **September 5, 2025**, Tragos Law must produce the ten documents listed above to Progressive.

**ENTERED** in Tampa, Florida, on August 28, 2025.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

*Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). "[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Id.* (internal quotation and citation omitted).