UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONDAMIN WILKINS,

    Plaintiff,

v.                                    Case No.: 8:24-cv-01793-TPB-AAS

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant,

_____/

## PROGRESSIVE'S SELECT INSURANCE COMPANY'S THIRD MOTION *IN LIMINE* REGARDING PROGRESSIVE'S CLAIMS MANUAL(S) OR ANY INTERNAL POLICIES

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY ("Progressive"), by and through its undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, and 403 respectfully moves, *in limine*, to preclude Plaintiff from presenting evidence, testimony, or argument regarding Progressive's Claims Manuals and/or any internal policies/procedures. In support of its request, Progressive states as follows:

1. The present action is a first-party bad faith action brought by Mondamin Wilkins ("Wilkins" or "Plaintiff") against Progressive regarding the handling of Wilkins' uninsured/underinsured motorist ("UM") claim. The action stems from a motor vehicle accident involving Wilkins which occurred on July 26, 2017.

2.    Progressive reasonably believes that Plaintiff will attempt to present evidence concerning Progressive's claims manual and internal policies in an attempt to mislead the jury as to the issue to be decided in this case and to unduly prejudice Progressive. Specifically, Progressive believes that Plaintiff will attempt to improperly equate any deviation from Progressive's corporate policies or claims handling guidelines to a breach of the duty of good faith. For example, during the deposition of Progressive claim examiners, supervisors, and managers, questions related to Progressive's claims manual or policies related to the handling of UM claim arose. [*See* Deposition Transcript of Camille Crawford, attached hereto as **Exhibit "A"**, P. 73 L. 14-16 & 23-25, P. 74 L. 6-7, P. 75 L. 1-8, P. 77 L. 14-20, P. 79 L. 11-15, P. 84 L. 1-3, & L. 18-22, P. 85 L. 14-20, P. 93 L. 14-17, P. 124 L. 21-24; Deposition Transcript of Janice Hailman, attached hereto as **Exhibit "B"**, P. 85 L. 11-14 &  18-20, P. 86 L. 8-16 & 21-25, P. 87 L. 17-20, P. 88 L. 3-6 & 11-15 & 17-20, P. 92 L. 6-7 & 9-17 & 21-24, P. 98 L. 2-10, P. 107 L. 1-7, P. 112 L. 8-21, P. 113 L. 8-11; *See also* Krissi Rodriguez's Deposition transcript, attached hereto as **Exhibit "C"**, P. 78 L. 25, P. 79 L. 1-5 & 13-17 & 25, P. 80 L. 1-7 & 18-21, P. 85 L. 15-17, P. 90 L. 13-15 & 21-24, P. 91 L. 5-8, P. 92 L. 17-21; Lexi Gorman's Deposition Transcript, attached hereto as **Exhibit "D"**, P. 43 L. 1-10 & 12-15, P. 62 L. 4-7].

3.    However, any such argument would be improper because whether Progressive followed its own internal policies and procedures is not determinative of whether Progressive fulfilled its duty of good faith towards its insureds under Florida

2

law. *See Soricelli v. GEICO Indem. Co.*, Case No.: 8:16-cv-1535-T-30TBM (M.D. Fla. Nov. 7, 2017) (Order attached hereto as **Exhibit "E"**); *Moore v. GEICO Gen. Ins. Co.*, 2016 WL 5719474, *4 (M.D. Fla. Sept. 30, 2016); *Hines v. GEICO Indem. Co.*, 2016 WL 688050, *7 (M.D. Fla. Feb. 19, 2016). Instead, bad faith is defined and set by Florida law. *See* Standard Jury Instruction 404.4 ("Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward [its insured] and with due regard for [their] interests."); *Boston Old Colony v. Guitierrez*, 386 So. 2d 783 (Fla. 1980).

4.      Further, Progressive reasonably believes that Plaintiff's counsel will attempt to confuse and mislead the jury as to the applicable standard of care in this action by equating any purported violation of Progressive's claims manuals or policies as evidence of bad faith. Any such argument would be highly improper and prejudicial because whether Progressive followed its own policies and procedures has no bearing on whether Progressive fulfilled its duties to its insured under Florida law and will confuse and mislead the jury as to the applicable standard of care. *See supra.*

5.      Accordingly, Progressive seeks an *in limine* ruling prohibiting arguments, testimony, and/or evidence at trial regarding Progressive's claims manual(s) or any internal policies, as the same is not relevant and unduly prejudicial.[1]

---

[1] Progressive produced its claims manuals and policies in this action subject to a Confidentiality Agreement. Progressive's general discussion of the same in this motion shall not be deemed a waiver of the confidential, proprietary, and trade secret nature of the same. To the extent necessary, at any hearing on Progressive's Motion *In Limine*, counsel for Progressive can discuss the same with more specificity so as to not allow evidence of the same into the public record.

**WHEREFORE**, PROGRESSIVE SELECT INSURANCE COMPANY respectfully requests that this Honorable Court enter an Order granting Progressive's Third Motion *in Limine* and grant any further relief that this Court deems necessary and proper.

## MEMORANDUM OF LAW

The Federal Rules of Evidence provide that generally, all "relevant evidence is admissible." Fed. R. Evid. 402. Thus, "[e]vidence which is not relevant is not admissible." *Id.* "Relevant evidence" is evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action, more or less probable than it would be without the evidence." Fed. R. Evid. 401. Notwithstanding the fact that evidence is relevant, evidence may be inadmissible if its probative value is substantially outweighed by the likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The district court has broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F. 3d 1293, 1301 (11th Cir. 2008). However, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d).

"A motion *in limine* presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial." *Soto v. GEICO Indem. Co.*, 2014 WL 3644247 (M.D. Fla. July 21, 2014). "The real purpose of a motion *in*

*limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.*, *citing Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843 at *1 (M.D. Fla. June 18, 2007); *Fittipaldi USA Inc. v. Castroneves*, 905 So. 2d 182, 187 (Fla. 3d DCA 2005) (stating the "purpose of a motion *in limine* is to prevent the introduction of improper evidence, the mention of which at trial would be prejudicial.") (quoting *Buy-Low Save Ctrs., Inc. v. Glinert*, 547 So. 2d 1283 (Fla. 4th DCA 1989)); *See* 75 Am.Jur.2d Trial § 39 (2008) (acknowledging that a motion *in limine* may be proper where the evidence at issue is highly prejudicial or inflammatory).

**I.      Plaintiff should be precluded from offering evidence, testimony, or argument regarding Progressive's claims manual(s) or any internal policies.**

Progressive reasonably believes that Plaintiff will attempt to present evidence or testimony concerning Progressive's claims manual(s), code of conduct, and training materials in an attempt to mislead the jury as to the applicable standard of care. Such evidence or testimony would be inappropriate as the same is irrelevant to the instant action. *See* Fed. R. Evid. 401; 402. Further, even assuming some relevance could be established, any such relevance or probative value would be substantially outweighed by its prejudicial effect, confusing the issues, and risk of misleading the jury. *See* Fed. R. Evid. 403.

Progressive's compliance with its own internal policies and procedures is not determinative of whether Progressive fulfilled its duty of good faith. Rather, as stated *supra*, the duty of good faith Progressive owed its insured in its handling of Wilkins'

5

UM claim is determined by Florida law. *See Boston Old Colony v. Guitierrez*, 386 So. 2d 783 (Fla. 1980). Plaintiff should not be allowed to confuse and mislead the jury by equating an alleged violation of Progressive's internal policies and procedures with evidence of bad faith. Any evidence of alleged breaches of internal company policies and procedures by Progressive employees is not evidence of bad faith, as Progressive is free to structure its own company guidelines in a manner which goes above and beyond what is required by Florida law, such that non-compliance cannot be evidence of bad faith.

Further, Progressive's claims manuals, code of conduct, and training materials should be excluded as Plaintiff cannot establish that Progressive's policies and procedures caused Wilkins' UM claim not to settle. Florida law requires a plaintiff making a claim for bad faith to demonstrate a causal connection between the plaintiff's damages and the insurer's bad faith conduct. *See Harvey v. GEICO Gen. Ins. Co.*, 259 So. 3d 1, 7 (Fla. 2018) (*citing Perera v. U.S. Fid. and Guar. Co.*, 35 So.3d 893 (Fla. 2010) (stating that the insured has the burden to show that the damages claimed by the insured or its assignee were caused by the insurer's bad faith)); *Messinese v. USAA Cas. Ins. Co.*, 622 F.Appx. 835, 838 (11th Cir. 2015) ("A valid bad-faith claim must show "a causal connection between the damages claimed and the insurer's bad faith.") (quoting *Perera* at 903-04); *Maldonado v. First Liberty Ins. Corp.*, 342 F.Appx 485, 478 (11th Cir. 2009). Therefore, Plaintiff has the burden to show that the bad faith conduct alleged caused the damages claimed.

A similar motion *in limine* was addressed in *Maharaj v. GEICO Cas. Co.*, Case No.: 12-80582-CIV-KAM (S.D. Fla. 2015) (unpublished), wherein GEICO requested that the court enter an order excluding GEICO's claims manual, code of conduct, and training materials as evidence, and prohibiting plaintiff from presenting any evidence of deviation by GEICO employees from these policies and procedures. (*See Maharaj Order,* attached hereto as **Exhibit "F"**). The court granted the motion, finding that "[i]f GEICO's claims manual, code of conduct, and/or training materials impose a higher standard than the law requires, they would be irrelevant and prejudicial." [*Id.* at P. 17]. The court went on to state that even if these materials "are consistent with what the law requires, they would be redundant and potentially prejudicial." [*Id.*].

More recently, the Courts in *Hines v. GEICO Indem. Co.*, 2016 WL 688050, at *3 (M.D. Fla. Feb. 19, 2016) and in *Moore v. GEICO Gen. Ins. Co.*, 2016 WL 5719474, at *6 (M.D. Fla. Sept. 30, 2016) addressed similar claims manuals motions *in limine*. In both cases, the court granted the insurance company's motions *in limine* and excluded the insurer's claims manuals from trial on grounds of being irrelevant and redundant. In *Hines*, the Court stated the following:

> The Court agrees with GEICO that reference to such materials should be excluded as irrelevant or redundant. Either such evidence will be irrelevant, because GEICO structured its company guidelines in a manner that goes above and beyond what is required under Florida law. Or, alternatively, such evidence will be redundant because evidence of what is required under Florida law would need to be presented in order to determine whether GEICO's policies and procedures are consistent with the requirements of Florida law.

*Hines*, 2016 WL 688050, at *3.

7

Here, Progressive reasonably believes that Plaintiff's counsel will attempt to elicit testimony from Progressive's adjusters and their experts during trial about whether the adjusters deviated from Progressive's internal policies and procedures. Further, Progressive believes that Plaintiff will attempt to improperly equate any deviation from Progressive's corporate policies or claims handling guidelines to a breach of the duty of good faith. In fact, during the deposition of Progressive's claims adjusters, supervisors, and managers, questions related to Progressive's claims manual or policies related to the handling UM claims arose with great regularity. (*See* Exhibit A, P. 73 L. 14-16 & 23-25, P. 74 L. 6-7, P. 75 L. 1-8, P. 77 L. 14-20, P. 79 L. 11-15, P. 84 L. 1-3, & L. 18-22, P. 85 L. 14-20, P. 93 L. 14-17, P. 124 L. 21-24; Exhibit B, P. 85 L. 11-14 &  18-20, P. 86 L. 8-16 & 21-25, P. 87 L. 17-20, P. 88 L. 3-6 & 11-15 & 17-20, P. 92 L. 6-7 & 9-17 & 21-24, P. 98 L. 2-10, P. 107 L. 1-7, P. 112 L. 8-21, P. 113 L. 8-11; Exhibit C, P. 78 L. 25, P. 79 L. 1-5 & 13-17 & 25, P. 80 L. 1-7 & 18-21, P. 85 L. 15-17, P. 90 L. 13-15 & 21-24, P. 91 L. 5-8, P. 92 L. 17-21; Exhibit D, P. 43 L. 1-10 & 12-15, P. 62 L. 4-7].

The standard for bad faith, however, is not set by the claims manual or internal policies of an insurance carrier. Instead, bad faith is defined and set by Florida law. *See* Standard Jury Instruction 404.4 ("Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward [its insured] and with due regard for [their] interests."); *Boston Old Colony v. Guitierrez*, 386 So. 2d 783 (Fla. 1980). To permit testimony that equates the claims manual or internal policies to the standard of care

for an insurance company will mislead the jury into believing that a violation of such is bad faith. Thus, the jury will focus on the incorrect standard in determining whether Progressive acted in bad faith and this will cause the jury to make its decision on improper grounds.

In sum, because the sole issue in the present matter is whether Progressive acted in bad faith in the handling of Wilkins' UM claim, testimony or evidence regarding internal policies and procedures have no relevance. Whether Progressive employees deviated from, or complied with, any of Progressive's internal corporate policies and procedures is not relevant to whether Progressive acted in good faith in handling Wilkins' UM claim. Accordingly, said evidence, testimony, or argument is irrelevant and should be excluded.

In addition, even if Progressive's claims manuals, training materials, and other internal documents were not precluded under Rule 402, they should still be excluded under Rule 403 because any alleged probative value that they provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. Allowing Plaintiff to present any evidence regarding Progressive's internal policies and procedures would clearly create a high danger of unfair prejudice against Progressive and would invite the jury to find against Progressive on impermissible grounds. Specifically, to permit testimony that equates Progressive's claims manuals and other internal policies to the standard of care for an insurance company will mislead the jury into believing that a violation of the same is tantamount to bad faith. Thus, the jury will focus on the incorrect standard in

determining whether Progressive acted in bad faith and this will cause the jury to make its decision on improper grounds. Therefore, allowing Plaintiff to present evidence regarding alleged violations of Progressive's policies and procedures would create precisely the type of prejudice that Rule 403 is designed to prevent. The risk of unfair prejudice and confusion nis so great that the same cannot be alleviated by a proper jury instruction. *See* Advisory Committee Notes, Fed. R. Evid. 403 (in "reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction."). Therefore, this Court should exclude Progressive's claims manuals and training materials as evidence in the instant case and prohibit Plaintiff from equating any breach or deviation from Progressive's internal policies and procedures to a breach of the duty of good faith under Florida law. (*See* Exhibit E; *Hines*, 2016 WL 688050, *7).

Lastly, in addition to being irrelevant and unduly prejudicial, Progressive's claims manuals, training materials, and other internal documents and policies consist of trade secret and proprietary information, the unprotected disclosure of which would place Progressive at a competitive disadvantage. Indeed, the parties previously executed a confidentiality agreement during the discovery phase of litigation which specifically recognizes the confidential nature of the documents and protects them from disclosure to third parties. As a result, Plaintiff should not be allowed to present the confidential, proprietary information contained within Progressive's internal policies and procedures at the trial of this matter. Therefore, this Court should exclude the same from the instant case and prohibit Plaintiff from equating any breach or

deviation from Progressive's internal policies and procedures to a breach of the duty of good faith.

**WHEREFORE**, PROGRESSIVE SELECT INSURANCE COMPANY respectfully requests that this Honorable Court enter an Order granting Progressive's Third Motion *In Limine* and grant any further relief that this Court deems necessary and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned Counsel hereby certifies that they have conferred with Plaintiffs' counsel in a good faith effort to resolve, by agreement, the issues raised in this motion. Plaintiff's position is opposed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of October 2025, a copy of the foregoing has been served to all counsel of record in the manner specified on the attached Service List.

/s/ *P. Blaise Antoniou*

**MEGAN E. ALEXANDER, ESQ.**
Florida Bar No.: 0058883
malexander@flalawyer.net
**P. BLAISE ANTONIOU, ESQ.**
Florida Bar No.: 1065039
pantoniou@flalawyer.net
Young, Bill, Palmer, Duke, Thompson, &
Alexander, P.A.
Truist Place
401 E. Jackson St., Suite 2950
Tampa, FL 33602
Telephone: (813) 603-3006
Facsimile: (813) 603-3011

11

*Counsel for Progressive Select
Insurance Company*

## SERVICE LIST

**Lee D. Gunn IV, Esq**.
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
labramson@gunnlawgroup.com
**L. Delton Gunn V, Esq.**
Florida Bar No.: 1038889
dgunn@gunnlawgroup.com
clopez@gunnlawgroup.com
efile@gunnlawgroup.com
Gunn Law Group, P.A.
401 E. Jackson St., Suite 3600 Tampa, Florida 33602
Telephone: (813) 228-7070
Facsimile: (813) 228-9400
Counsel for Plaintiff
*Via CM/ECF*